Mr. Justice Gantt
delivered the opinion of the Court.
I shall waive the expression of any positive opinion upon the first ground taken in the brief. The case of Surtell ads. Brailsford, (2 Bay, 333,) that the Court «ill not unravel proceedings, and set aside judgments after st veral years acquiescence, will admit, in my opinion of exceptions. Cases might occur which would admit of T)0 other remedy, and there ought to be a means of redressing every possible injury. The particular circumstances of the case must, in every instance, be such as to jurnfv the Court in the exercise of so high a discretion, •.■■■cl when they exist, it is proper and right that it should i.- . d forth in protection of the law, and the rights of individuals.
In this case, however, I should conceive the irregu *594 larity complained, of, in the copy summons, would not, in itself be sufficient to authorize the interference of the Court to vacate the judgment.
But the 2d and 3d grounds, which will be considered as one, certainly exhibit as strong a case for the interference of this Court, as could well be presented to its discretion.
The object of the summons was to enforce a division of an estate held in joint tenancy.
The commissioners in their return, recommend a sale of the land, and this return is made the judgment of the-Court, and the land by order of the Court, has been sold. By what authority could such a judgment be rendered ? It is only in cases of intestacy, that the Court of Common Pleas have power to order a sale of lands for the purpose of division. The statute of 31 Henry 8, c. 1, if indeed that statute should be considered as of force, but which I conceive not to be in the case, affords no warrant for the mode of procedure adopted in this case. By that statute, all joint tc nants, and tenants in common, may be compelled to make partition between them by the writ de portions' facinda, in like manner and form as they, by the Common Law are compelled to do. Now by the Common Law, there was but one way of compelling partition, and that was, when one or more sued out a writ of partition against the others. The sheriff was to go upon the lands and make partition thereof by the verdict of a Jury, then empannelled, and was to assign to each of the persons his part in severalty. But this compulsory mode has never been pursued in this state, and if a legal one, still the statute furnishes no authority to sell, but partition is alone to be made by a division of the land into as many parcels as there are persons. The act of 1798, giving the remedy for a division of lands holdenin coparcenary, joint tenancy, and tenancy in common, and under the sanction of which all estates of this kind are divided in this state, is most to be considered. The preamble to the clause which furnishes the mode of making partition in those cases is in itself a legislative construction, that the statute of Henry *595 is not of force. The words are, “ whereas no provision hath hitherto been made for the division of lands in this province held in coparcenary, joint tenancy and tenancy in common.17 It then goes on to enact, that in all cases where any lands shall be given, or descend to any persons in coparcenary, joint tenancy,or tenancy in common, and no provision made by will or otherwise, how such lands shall be divided, when, and as soon as any one of the copart-ners, joint tenants or tenants in common shall be of the age of twenty-one years, he or she shall and may apply to the Court of Common Pleas, for a writ of partition. The Court is to issue the writ, directed to five persons, to make division of the lands, either in entire tracts, or in parcels as shall be most beneficial to the persons interested, and the commissioners- are to make return thereof to the Court, to remain of record, which partition and division is to be final and conclusive to all parties concerned. In this act, there is not one word said about a sale of the lands, nor was it ever in the contemplation of the legislature that the commissioners should be invested with a power to recommend, or the Court of Common Pleas, with a right to order a sale in any such case. It is a substitute for the Common Law, made by compelling a division of the lands into separate and distinct parcels, so that each may enjoy in severalty the portion to which he or she may be entitled. It is under the act of ’91, and in cases of intestacy alone, that the Court of Common Pleas has power to direct a sale of lands, in order to a division among, those entitled to distribution. Estates in joint tenancy, cannot, from their nature, arise in any case of intestacy j they can alone be created by purchase, and a conveyance of some sort becomes indispensable to the existence of such estate. It may in this instance have been created by will for aught I, know, and then no division could be made under the act of ’91, which applies specifically to cases of intestacy. Whether by will or any other mode of conveyance, the Court had no power to make the return of the commissioners, recommending a sale, the judg- *596 me nr of the Court; it was'an extra judicial, and void order, and as such, should be set aside.
S. D. Miller, for the motion.
M'Dn-ffie, contra.
I am of opinion, that the division in the Court below, was erroiK ous, and that the motion should prevail for setting aside the judgment and proceedings in this case.
Justices Colcock, Nott, Richardson and Huger, concurred.
Mr. Justice Johnson, dissented.